UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Trustees of the
INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS LOCAL 17 HEALTH
AND WELFARE FUND, a trust fund established
under, and administered under, and pursuant
to, federal law,

      Plaintiffs,                  Case No.

v.

                                   Hon.

COAST TO COAST CONTRACTING SERVICES
LLC, a Michigan limited liability company,
PLATINUM POWER SOLUTIONS, LLC F/K/A
C2C POWER LLC, a Michigan limited liability
company, GARY BATES, an individual, and
ROBERT WATERS, an individual,

      Defendants.

_____/

## COMPLAINT

Plaintiffs, Trustees of the International Brotherhood of Electrical Workers'

Local 17 Health and Welfare Fund, by and through their legal counsel, Maddin

Hauser Roth & Heller, P.C., state for their Complaint against Defendants as

follows:

### The Parties

1.    Plaintiffs are trustees of the International Brotherhood of Electrical

Workers' Local 17 Health and Welfare Fund (the "Fund").  The Fund is a jointly-

04094466 v1

administered trust fund established pursuant to Section 302 of the Labor-Management Relations Act of 1947, as amended (hereinafter "L.M.R.A."), 29 U.S.C. § 186, which is administered in Troy, Michigan.

2. The Fund is a multiemployer employee benefit plan within the meaning of Section Three of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1002.

3. Plaintiff Trustees of the Fund, who reside in the State of Michigan, are officially designated and are by law invested with management and control of the Fund, in compliance with Section 302 of the L.M.R.A., 29 U.S.C. § 186, and appear in this action as representatives of the participants and beneficiaries of the Fund.

4. Defendant Coast to Coast Contracting Services LLC ("Coast to Coast") is a Michigan limited liability company doing business in the State of Michigan with its principal place of business and resident agent located in Jackson County, Michigan.

5. Defendant Platinum Power Solutions LLC, f/k/a C2C Power LLC ("Platinum") is a Michigan limited liability company doing business in the State of Michigan with its resident agent and registered office addresses located in Jackson County, Michigan.

6. Individual Defendant Gary Bates ("Bates") resides in and/or conducts business in Jackson County, Michigan.

7. Individual Defendant Robert Waters ("Waters") resides in and/or conducts business in Jackson County, Michigan.

## Jurisdictional Allegations

8. Defendant Coast to Coast is, or was at all relevant times, in an industry affecting commerce within the meaning of Section Four of ERISA, 29 U.S.C. § 1003 and Section 301 of the L.M.R.A., 29 U.S.C. § 185.

9. Coast to Coast has conducted business giving rise to this action within Michigan, including in this District.

10. With respect to Count I of this Complaint, jurisdiction of this Court is predicated on Section 502 of ERISA, 29 U.S.C. § 1132 and Section 301 of the L.M.R.A., 29 U.S.C. § 185, this being a lawsuit to enforce the fringe benefit provisions of collective bargaining agreements ("CBAs") which Coast to Coast, as employer, entered into with I.B.E.W. Local Union No. 17, a labor organization representing employees in an industry affecting commerce, to which Coast to Coast has remained a party during the period of time relevant to this action.

11. With respect to Count II of this Complaint, jurisdiction is predicated on 28 U.S.C. § 1367(a), which permits the Court to exercise supplemental

jurisdiction over state law claims that form part of the same case and controversy as those over which it has original jurisdiction.

12.     Venue is proper in this District pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1332(e)(2), as the Fund is administered and the breach took place in this District.

### Common Allegations

### a.  The Collective Bargaining Agreement

13.     Coast to Coast is, and has been, bound by the applicable trust agreement incorporated by reference in the CBAs.

14.     Pursuant to the CBAs and applicable Trust Agreement incorporated therein, Coast to Coast is obligated to make periodic payments to the Fund (hereinafter "Contributions"), which payments constitute employee benefits for health and welfare benefits earned by the employees of Coast to Coast who performed work covered by the CBAs, which Contributions should have been paid directly to the Fund.

15.     Coast to Coast has failed, neglected and refused to pay all of the Contributions it is obligated to pay to the Fund pursuant to the subject agreements, in spite of demand therefor.

16.     According to an audit conducted by the Fund's auditors, there is presently due and owing to the Fund $66,357.00 in unpaid Contributions, all of

which accrued during the time period from June 2021 through December 2023, and costs for the audit in the amount of $1,828.50.  Pursuant to the Trust Agreement and ERISA, as set forth below, Coast to Coast owes the Fund double interest in the amount of $43,582.14 as of this date for a total amount due to the Fund at this time of $111,767.64.

### b. Dissolution of Defendant Coast to Coast and Transfer of Assets

17.    At all times relevant to this proceeding, Coast to Coast's members consisted of Defendant Waters, Defendant Bates, and Defendant Bates' then wife, Kristina Bates.

18.    On March 16, 2022, Defendant Waters formed C2C Power, LLC.

19.    On November 28, 2022, Coast to Coast filed a lawsuit against C2C Power, LLC in the Jackson County Circuit Court, Case No. 22-4040-CB (the "Lawsuit").  The Lawsuit was filed after Kristina Bates discovered that Defendants Bates and Waters were operating C2C Power, LLC, which was competing with Coast to Coast and was being confused with Coast to Coast.

20.    As an apparent result of this dispute, in October 14, 2022, Defendant Bates, as authorized agent for C2C Power, LLC filed a Certificate of Assumed Name with the Michigan Department of Licensing and Regulatory Affairs, which designated "Platinum Power Solutions" as an assumed name of C2C Power, LLC.

21.     May 3, 2023, C2C Power, LLC formally changed its name to Platinum Power Solutions, LLC.

22.     Upon information and belief, Defendants Bates and Waters are members of Defendant Platinum.

23.     In October of 2023, Coast to Coast ceased operating.  At the time of its cessation of business, Coast to Coast owned certain rolling stock (motor vehicles and trucks), tools, machinery, and equipment (the "Assets") free and clear of liens or encumbrances, which Assets were essential to the operation of Coast to Coast.

24.     Subsequent to the filing of the Lawsuit, Coast to Coast transferred all of its Assets to Defendants Bates, Waters, and/or Platinum Power for no consideration.  On or about June 17, 2024, Coast to Coast formally dissolved.

25.     The transfer of the Assets was for the exclusive use of Defendants Bates, Waters, and/or Platinum Power and to the detriment of the Fund.

**COUNT I**
**FAILURE TO PAY CONTRIBUTIONS**
**[*Defendant Coast to Coast*]**

26.     Plaintiffs incorporate by reference all prior allegations as though fully set forth herein.

04094466 v1                                    6

27. Coast to Coast has failed, neglected and refused to pay all of the Contributions it is obligated to pay to the Fund pursuant to the subject agreements, in spite of demand therefor.

28. Pursuant to the CBA and Trust Agreement, when such submission of payments and Contributions are not made in a timely manner, Coast to Coast agreed to pay liquidated damages at a rate of ten percent of unpaid contributions and interest on unpaid contributions at a rate of six percent above the rate set by the Internal Revenue Service for underpayments of taxes from the dates Contributions are required to be paid, as well as attorneys' fees and costs incurred in enforcing Coast to Coast's obligations to the Fund.

29. In addition to Coast to Coast's obligations under the CBA and Trust Agreement, it maintains its obligations to the Fund under Section 502 of ERISA, 29 U.S.C. § 1132, which provides that when the trustees of a multiemployer fringe benefit fund obtain a judgment in favor of the fund in litigation to enforce an employer's obligations, the court shall award the unpaid contributions, interest on the unpaid contributions, the greater of interest on unpaid contributions or liquidated damages provided for by the fund in an amount not to exceed twenty percent of the unpaid contributions, and reasonable attorneys' fees and costs of the action, as well as all legal or equitable relief as the Court deems appropriate.

30. Because interest is greater than liquidated damages, Coast to Coast is obligated to pay double interest at a rate of six percent above the rate set by the Internal Revenue Service for underpayments of taxes from the dates unpaid Contributions were required to be paid, as well as attorneys' fees and costs incurred in enforcing Coast to Coast's obligations to the Fund. Interest on the unpaid Contributions total $21,791.07 at this time and double interest totals $43,582.14.

31. There is due and owing to the Fund $66,357.00 in unpaid Contributions, all of which accrued during the time period June 2021 through December 2023, along with double interest of $43,582.14 on the audit-disclosed Contributions, and the audit fee of $1,828.50, for a total amount due to the Fund of $111,767.64, plus interest, costs, and attorneys' fees that continue to accrue as set forth below.

WHEREFORE, Plaintiffs request this Court enter a Judgment in favor of Plaintiffs and against Defendant Coast to Coast containing the following provisions:

a. Ordering Defendant Coast to Coast to pay the Fund $111,767.64 in unpaid Contributions, double interest and audit fee, plus all attorneys' fees and other costs incurred by the Fund in connection with pursuing

Coast to Coast's compliance with its obligations to the Fund in any manner, whether incurred before or after judgment;

b. Ordering Defendant Coast to Coast to pay the Fund double interest on Contributions determined to be owing, and attorneys' fees and other costs incurred by the Fund from this date forward; and

c. Awarding Plaintiffs all other relief that the Court deems appropriate.

## COUNT II
### VIOLATION OF THE MICHIGAN UNIFORM VOIDABLE TRANSACTIONS ACT
### MCL 566.31 *et seq.*
### *[Defendants Platinum Power Solutions LLC., Gary Bates, and Robert Waters]*

32.    Plaintiffs incorporate by reference all prior allegations as though fully set forth herein.

33.    Coast to Coast, by and through Defendants Bates and Waters, and potentially others, purposefully participated in the transfer of the Assets (the "Transfer") to themselves and/or Defendant Platinum for their exclusive use.

34.    The Transfer was made without consideration and the Fund was not considered or provided for as the Contributions and other money Coast to Coast owed to the Fund were not paid.

35.    The Fund's claims against Coast to Coast for the Contributions arose prior to the Transfer.

36.     Defendants Bates and Waters caused the Transfer with the intent to hinder, delay, or defraud the Fund and other creditors.  M.C.L. § 566.34(1)(a).

37.     Coast to Coast received less than reasonably equivalent value in exchange for the Transfer and: (1) was insolvent on the date of the Transfer or became insolvent as a result of the Transfer; (2) was engaged in business for which any assets remaining with the Coast to Coast were unreasonably small in relation to the business; and/or (3) intended to incur, or believed or reasonably should have believed that it would incur debts that would be beyond its ability to pay as such debts matured. Accordingly, the Transfer is voidable by the Fund pursuant to M.C.L. §§ 566.34(1)(b) and 566.35(l).

38.     As a result of the fraudulent conveyance of the Assets, the Fund has incurred damages because the Assets could otherwise have been sold and the proceeds collectable by the Fund.

39.     Pursuant to the Uniform Voidable Transactions Act, MCL 566.31 *et seq.*, the Transfer is voidable and recoverable from Defendants Platinum Power Solutions, LLC., Gary Bates, and Robert Waters, and the Fund is entitled to a judgment in the amount of the value of the Assets.

WHEREFORE, Plaintiffs request that this Court enter Judgment in favor of Plaintiffs and against Defendants Platinum Power Solutions, LLC, Gary Bates, and Robert Waters, jointly and severally, voiding the Transfer, and for a money

04094466 v1                                                   10

judgment in an amount equal to the value of the Assets, not to exceed the amount of the Contributions, together with costs, interest, attorneys' fees and such other and further relief as this Court deems proper.

Respectfully submitted,

MADDIN HAUSER ROTH & HELLER, P.C.

 /s/ Craig E. Zucker
Craig E. Zucker (P39907)
One Towne Square, Fifth Floor
Southfield, MI 48076
(248) 354-4030
czucker@maddinhauser.com

Dated:  October 7, 2024

04094466 v1                                        11